Filed 6/2/14  P. v. Redente CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F067025 |
| v. | (Super. Ct. Nos. 11CM3009, 12CM1058, 12CM4287) |
| ANDREW NICHOLAS REDENTE, JR., | |
| Defendant and Appellant. | **O P I N I O N** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Kings County.  Donna L. Tarter, Judge.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Wanda Hill Rouzan, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Gomes, Acting P.J., Poochigian, J., and Detjen, J.

Defendant Andrew Nicholas Redente, Jr. pled guilty to smuggling methamphetamine into the county jail (Pen. Code, § 4573),[1] and he admitted suffering a prior strike conviction for robbery in 1992. Pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 529-530 (*Romero*) and section 1385, he requested that the trial court dismiss his prior strike conviction. The court denied the request and sentenced him to the middle term of three years, doubled to six years (§ 667, subds. (d) & (e)).[2] On appeal, he contends the trial court abused its discretion by refusing to grant his *Romero* motion to dismiss his prior strike conviction. We disagree and will affirm.

## DISCUSSION

Section 1385 grants trial courts the discretion to dismiss a prior strike conviction if the dismissal is in furtherance of justice. (§ 1385, subd. (a); *Romero, supra,* 13 Cal.4th at pp. 529-530.) "'A court's discretion to strike [or vacate] prior felony conviction allegations [or findings] in furtherance of justice is limited. Its exercise must proceed in strict compliance with … section 1385[, subdivision ](a) .…'" (*People v. Williams* (1998) 17 Cal.4th 148, 158.) The Three Strikes law "was intended to restrict courts' discretion in sentencing repeat offenders." (*Romero, supra,* at p. 528; *People v. Garcia* (1999) 20 Cal.4th 490, 501 ["a primary purpose of the Three Strikes law was to restrict judicial discretion"].) The Three Strikes law establishes "'a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike'" *unless* the sentencing court finds a reason for making an exception to this rule. (*People v. Carmony*

---

[1]     All statutory references are to the Penal Code unless otherwise noted.

[2]     Section 667, subdivision (e) provides in relevant part: "[T]he following shall apply where a defendant has one or more prior serious and/or violent felony convictions: [¶] (1) If a defendant has one prior serious and/or violent felony conviction as defined in subdivision (d) that has been pled and proved, the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction."

(2004) 33 Cal.4th 367, 377.)  There are "stringent standards that sentencing courts must follow in order to find such an exception." (*Ibid.*)  In order to dismiss a prior strike conviction, "the court in question must consider whether, in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams, supra,* at p. 161.)

A trial court's decision not to dismiss a prior strike conviction is reviewed under the deferential abuse of discretion standard. (*People v. Carmony, supra,* 33 Cal.4th at p. 374.)  An abuse of discretion is established by demonstrating that the trial court's decision is "irrational or arbitrary.  It is not enough to show that reasonable people might disagree about whether to strike one or more of his prior convictions." (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.)  When the record shows the trial court considered relevant factors and acted to achieve legitimate sentencing objectives, the court's decision will not be disturbed on appeal. (*Ibid.*)

Here, defendant moved to dismiss his 1992 prior felony conviction for robbery because it was more than 20 years old and the majority of his more recent crimes involved drugs.  The prosecutor responded that defendant was on multiple grants of probation when he committed the current offense and, as someone who continued to break the law and failed to take responsibility for his acts, he fell within the spirit of the Three Strikes law.  His criminal history included 19 separate incidents, including parole and probation violations, during the previous 22 years.  Although many of defendant's crimes involved drugs, they also included acts of domestic violence.  The prosecutor argued that defendant could not claim he was merely a victim of a drug addiction.

In denying the motion, the trial court explained:

3

"[Defendant] has an extensive criminal record dating back to 1991, and it was in that year that he suffered a strike conviction for a [section] 211 and was ultimately sent to prison for three years. He has three prior felony convictions which does include that strike[] conviction; however, he now has five felony convictions. He has four misdemeanor convictions involving violence and a misdemeanor conviction for violating a restraining order. He also has theft convictions and other drug convictions. [¶] In the last two years [defendant] has been convicted of seven separate offenses, and at the time of the commission of this last felony he was on felony probation and misdemeanor probation. [¶] It is likely that [defendant] has a mental illness. His behavior in these cases and also during the interview with the probation officer indicates that he is an individual who has difficulty maintaining a calm demeanor[;] he becomes agitated and appears to be impulsive in his responses. [¶] It's likely that the drug use either caused the mental illness or at least exacerbates the mental illness or it could be that the use of drugs just creates a mental illness. [¶] However, the local resources that have been made available to [defendant] have not been effective, and, again, [defendant] has difficulty controlling his anger. For these reasons the Court declines to exercise its discretion by striking the strike prior. [¶] … The Court does find that [defendant], based on his continuing failure to obey all laws, and actually the disturbing behavior that he has exhibited in those misdemeanor offenses, indicates to the Court that he does fall within the spirit of the Three Strikes Law."

We conclude defendant has failed to establish that the trial court's denial of the motion to dismiss his prior strike conviction was outside the bounds of reason under the facts and the law. We may not find an abuse of discretion unless the decision was so irrational or arbitrary that no reasonable person could agree with it. And here it was not. The trial court considered relevant factors and acted to achieve legitimate sentencing objectives, and we agree with the court's conclusion that defendant falls within the spirit of the Three Strikes law. Defendant's probation report bears out the trial court's description of his extensive criminal history. We see no abuse of discretion.

## DISPOSITION

The judgment is affirmed.

4