Filed 5/9/16  P. v. Dang CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H042807 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1094291) |
| v. | |
| THANH TOAN DANG, | |
| Defendant and Appellant. | |

Defendant Thanh Toan Dang appeals after a resentencing hearing conducted pursuant to this court's orders in defendant's prior appeal.  (*People v. Dang* (July 30, 2014, H038871) [nonpub. opn.].)[1]

On appeal, defendant's appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 that states the case and facts, but raises no issue.  We notified defendant of his right to submit written argument on his own behalf within 30 days.  The 30-day period has elapsed and we have received no response from defendant.

Pursuant to *People v. Wende, supra,* 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record.  Following the California Supreme Court's direction in *People v. Kelly, supra,* at page 110, we provide a brief description of the facts and the procedural history of the case.

---

[1] We take judicial notice of this court's prior opinion in this matter.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.    *Convictions, Original Sentence, and Prior Appeal*

After a shooting at the Anh Thu restaurant in the early hours of November 20, 2010, a jury convicted defendant of willful, deliberate, and premeditated attempted murder (Pen. Code, §§ 187, 664, subd. (a))[2] and assault with a semiautomatic firearm (§ 245, subd. (b)).  The jury found true allegations that defendant personally and intentionally discharged a firearm (§ 12022.53, subd. (d)) during the attempted murder and allegations that defendant personally used a firearm (§ 12022.5, subd. (a)) and inflicted great bodily injury (§ 12022.7, subd. (a)) during the assault with a semiautomatic firearm.  The trial court found true allegations that defendant had previously been convicted of a prior serious felony (§ 667, subd. (a)) and a strike (§§ 667, subds. (b)-(i), 1170.12).

The trial court sentenced defendant to a prison term of 30 years to life:  a term of 25 years to life for count 1 (attempted murder) consecutive to a five-year term for the prior serious felony allegation (§ 667, subd. (a)).  The trial court imposed a determinate term of 28 years for count 2 (assault with a semiautomatic firearm), comprised of a 10-year term for the substantive offense, a consecutive 10-year term for the firearm use allegation (§ 12022.5, subd. (a)), a consecutive three-year term for the great bodily injury allegation (§ 12022.7, subd. (a)), and a consecutive five-year term for the prior serious felony allegation (§ 667, subd. (a)).  However, the trial court stayed the term for count 2 pursuant to section 654.

Defendant appealed, and this court affirmed his convictions.  However, this court found that the sentence imposed was unauthorized in several respects.  First, as to count 1, the trial court should have imposed a sentence of life with the possibility of parole pursuant to section 664, subdivision (a).  Under the Three Strikes law, the 7-year

---

[2] All further statutory references are to the Penal Code unless otherwise indicated.

minimum parole eligibility date (§ 3046, subd. (a)) should have been doubled to 14 years, although the trial court could have dismissed the strike allegation. (See *People v. Jefferson* (1999) 21 Cal.4th 86, 96.) The trial court should have imposed a separate and consecutive term of 25 years to life for the section 12022.53, subdivision (d) allegation, and a consecutive five-year term for the 667, subdivision (a) allegation.

Second, as to count 2, the upper term was nine years, not ten years. (See § 245, subd. (b).) The trial court could have dismissed defendant's prior strike as to that count (see *People v. Garcia* (1999) 20 Cal.4th 490, 492-493 (*Garcia*)); if not, the court was required to double that term to 18 years and then add the enhancements, which were properly calculated at 10 years (§ 12022.5, subdivision (a)), three years (§ 12022.7, subd. (a)), and five years (§ 667, subd. (a)).

This court found it was not clear from the record whether the trial court would have exercised its discretion to dismiss the strike allegation as to one or both counts. (See *Garcia, supra,* 20 Cal.4th at pp. 492-493.) Therefore, this court reversed the judgment and remanded for resentencing.

### B.     Proceedings on Remand

Defendant filed a written motion requesting the trial court exercise its discretion to dismiss the strike allegation (see *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497), noting that if the strike was dismissed, he would still face a minimum term greater than the original sentence of 30 years to life. The People opposed the motion, arguing that defendant did not fall outside the spirit of the Three Strikes law.

At a hearing on July 24, 2015, the trial court declined to dismiss the strike allegation, finding defendant was "the quintessential Three Strikes life candidate." The trial court then imposed a sentence consisting of an indeterminate term of 39 years to life consecutive to a five-year determinate term. For count 1, the trial court imposed a term of 14 years to life for the attempted murder, with a consecutive term of 25 years to life for the section 12022.53, subdivision (d) allegation and a consecutive five-year term for

the section 667, subdivision (a) allegation.  For count 2, the trial court imposed an aggregate determinate term of 36 years, consisting of an 18-year term for the assault with a semiautomatic firearm, with a consecutive term of 10 years for the section 12022.5, subdivision (a) allegation, a consecutive term of three years for the section 12022.7, subdivision (a) allegation, and a consecutive term of five years for the section 667, subdivision (a) allegation.  The trial court ordered the term for count 2 stayed pursuant to section 654.

## DISCUSSION

Having carefully reviewed the entire record, we conclude that there are no arguable issues on appeal.  (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-443.)

## DISPOSITION

The judgment is affirmed.

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:


_____
ELIA, ACTING P.J.




_____
MIHARA, J.