Filed 3/13/24  P. v. Lewis CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E080083 |
| v. | (Super.Ct.No. RIF1102889) |
| PAUL DIXON LEWIS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Sean P. Crandell, Judge. Affirmed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Arlyn Escalante, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Paul Dixon Lewis appeals the order of the Riverside County Superior Court denying his request made pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*) to dismiss his prior strike convictions. We will affirm.

## BACKGROUND[1]

Defendant is an inmate at the California Rehabilitation Center in Norco, serving a 49-year sentence for raping a 15-year-old girl in 1990. In May 2011, correctional officers searched defendant and found in his underwear a blue latex glove containing 13.2 grams of marijuana wrapped in 25 plastic bindles. In June 2012, a jury convicted defendant of possessing a controlled substance in a penal institution (Pen. Code, § 4573.6, count 1) and possessing marijuana for sale (Health & Saf. Code, § 11359, count 2).[2] The trial court found true that he had eight strike priors (§§ 667, subds. (c) & (e)(2)(A), 1170.12, subd. (c)(2)(A)) and one prison prior enhancement (§ 667.5, subd. (b)).

The trial court sentenced defendant to a term of 25 years to life on count 1 plus one year for the prior prison term enhancement, and stayed the sentence for count 2 pursuant to section 654. It also denied defendant's *Romero* motion to strike seven of the

---

[1]     We granted the People's request for judicial notice of our opinions issued in defendant's four prior appeals: *People v. Lewis* (Dec. 19, 2013, E056993) [nonpub. opn.] (*Lewis I*); *People v. Lewis* (Nov. 4, 2015, E063680) [nonpub. opn.]; *People v. Lewis* (Dec. 15, 2017, E068789) [nonpub. opn.]; and *People v. Lewis* (Oct. 22, 2020, E072446) [nonpub. opn.].

[2]     All statutory references herein are to the Penal Code unless otherwise indicated.

eight prior strike convictions. On appeal, we ordered modifications of the minute order and abstract of judgment to correctly reflect the assessments and fees ordered, and to note on the abstract that defendant's conviction was by jury trial. We affirmed the judgment in all other respects. (*Lewis I*, *supra*, E056993.)

In January 2022, section 1172.75 became effective.[3] (Stats. 2021, ch. 728, § 3, (Sen. Bill No. 483), eff. Jan. 1, 2022.) That provision eliminated as legally invalid all prison prior sentence enhancements set forth in section 667.5, subdivision (b) that were imposed before January 1, 2020, except those involving a prison prior for specified sexually violent offenses. (§ 1172.75, subd. (a).) A defendant eligible for resentencing relief pursuant to section 1172.75 is entitled to a full resentencing hearing. (§ 1172.75, subd. (c); *People v. Carter* (2023) 97 Cal.App.5th 960.)

In May 2022, defendant petitioned the court to eliminate the prior prison enhancement imposed with respect to his possession of marijuana. In August, defendant invited the trial court to exercise its discretion pursuant to section 1385 and *Romero* to eliminate the prior strikes in the course of defendant's resentencing hearing. The court struck the prison prior. It declined, however, to strike the prior strike convictions and sentenced defendant to a term of 25 years to life on court 1 and 180 days on count 2, to run concurrently with count 1. Defendant timely noticed this appeal.

---

[3] At the time of its enactment in January 2021, section 1170.75 was renumbered to section 1171.1, effective June 30, 2022, with no substantive changes to the statute (Stats. 2022, ch. 58, § 10).

**DISCUSSION**

On appeal, defendant argues the trial court abused its discretion when it denied his *Romero* motion. *Romero* gives the trial court discretion to dismiss a defendant's strike in the interests of justice pursuant to subdivision (a) of section 1385 if, upon consideration of three factors, the court deems a defendant's conviction outside the spirit of the Three Strikes laws. (*Romero*, *supra*, 13 Cal.4th at pp. 529-531; *People v. Williams* (1998) 17 Cal.4th 148, 161 (*Williams*).) The three factors are: (i) the nature and circumstances of the defendant's present felony, (ii) the defendant's prior serious and violent felony convictions, and (iii) the particulars of the defendant's background, character, and prospects. (*Romero*, at pp. 530-531; *Williams*, *supra*, at p. 161.)

The trial court's decision not to dismiss or strike a prior conviction is subject to review under the deferential abuse of discretion standard, that is, the reviewing court must affirm unless the defendant demonstrates that the decision was so irrational or arbitrary that no reasonable person could agree with it. (*People v. Carmony* (2004) 33 Cal.4th 367, 375, 377.)

Here, the trial court's decision was not irrational or arbitrary. It properly weighed the *Romero* factors and issued a detailed opinion supporting its decision to deny defendant's motion. As to defendant's present felony, the court recognized that possession of a controlled substance in prison is not a serious or violent felony and that the law concerning marijuana had drastically changed in the last several years. But, it also explained that the Legislature has continued to deem marijuana possession a felony for persons who are imprisoned, who are required to register as a sex offender pursuant to

4

section 290, or who have committed a super strike offense—and noted that defendant falls within all three categories. The court noted as well that defendant's possession of marijuana offense took place while he was serving a very long prison sentence for committing a horrendous crime against a child, and defendant did not take early responsibility for the possession offense but instead was convicted after a jury trial.

As to defendant's prior serious and violent felony convictions, the court reviewed the facts that he and another man had kidnapped a 15-year-old girl, then repeatedly raped and assaulted her, and threated to bomb her house if she reported what had happened. A jury convicted defendant of eight strikes, including five sexually violent offenses. The court recognized the convictions took place over 30 years earlier but concluded that, "consistent with the caselaw, they cannot be considered remote." It noted defendant had since been constrained in his opportunities to engage in criminal activity because of his imprisonment but nevertheless managed to commit criminal offenses as evidenced by his in-prison possession of marijuana for sale. The court also emphasized that five of defendant's strike priors are sexually violent offenses that place "defendant squarely within a category of criminals who are to be punished even more severely than other strikers."

With respect to defendant's background, character, and prospects, the court concluded he is "a career criminal who is unable or unwilling to conform his behavior to that of a law-abiding citizen, even while he is incarcerated and knows he is subject to a life sentence for the commission of any felony." The court pointed to the facts that defendant had been consistently engaged in criminal activity from the time he was 20

5

years old, and that those crimes increased in seriousness and violence over time until his current incarceration, which began when he was 24. And, 22 years later while still imprisoned, he continued to engage in criminal activity as evidenced by his conviction for possession of marijuana in an amount evidencing intent to sell.

Defendant argues the trial court abused its discretion in denying his *Romero* resentencing request because he does not come within the spirit of the Three Strikes law. He bases that contention on the fact that his prior convictions arose from a single incident over 30 years earlier, as well as on the notions that (i) the circumstances of his current conviction are not egregious and, (ii) the court could not make informed findings concerning his prospects and background because his 2012 probation report was outdated and provided sparse information. We are not persuaded.

The trial court's opinion makes clear that it not only reviewed the probation report and other information submitted by the People, but that it considered as well mitigating factors submitted by defendant for the court's consideration. Those factors included not only defendant's participation in programs while incarcerated as well as his lack of serious in-prison rule violations (except for related to his conviction for marijuana possession), but also numerous details about his background, childhood, parental illnesses, the murder of his father, his educational background, his marriage, and his children.

In support of his claim that his case does not fall within the spirit of the Three Strikes law, defendant attempts to distinguish his prior convictions from those in *Williams*, *supra*, 17 Cal.4th 148, and posits his circumstances are akin to those in *People*

6

*v. Garcia* (1999) 20 Cal.4th 490 (*Garcia*).  There is nothing in those opinions that support a conclusion that the trial court's decision in this case was irrational or arbitrary.

In *Williams*, our Supreme Court affirmed the judgment of the Court of Appeal to the extent it found Williams came within the spirit of the Three Strikes law and set aside the trial court's order vacating one of Williams's prior convictions.  (*Williams*, *supra*, 17 Cal.4th at p. 165.)  The appellate court had found the trial court not only erred in not stating the reasons for its decision, but the trial court also abused its discretion in striking Williams's conviction because he could not be deemed to be outside the spirit of the Three Strikes law in view of his variety of felony convictions suffered over a period of time 13 years earlier.  (*Id*., at pp. 162-163.)  In *Garcia,* our Supreme Court found the trial court acted within the limits of its discretion to strike one of defendant's convictions.  (*Garcia*, *supra*, 20 Cal.4th at p. 503.)

The facts in defendant's case are more similar to *Williams* than those in *Garcia.*  Here, as in *Williams*, defendant's criminal history involved serious and violent crimes, including rape, and an insufficient showing of reform or mitigating circumstances to justify vacating his conviction.  (*Williams*, *supra*, 17 Cal.4th at pp. 162-164.)  On the other hand, *Garcia* is readily distinguishable from defendant's case.  There, our Supreme Court found the trial court acted within the limits of its discretion to strike a conviction because, unlike here, Garcia's criminal history did not include any actual violence, Garcia had cooperated with police, and his crimes were related to his drug addiction.  (*Garcia*, *supra*, 20 Cal.4th at p. 503.)

7

In view of the presumption against striking prior strike convictions, the defendant's present and prior criminal convictions, as well as his background, character, and prospects, we find the trial court did not abuse its discretion in denying defendant's *Romero* motion.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

CODRINGTON
J.

RAPHAEL
J.