Filed 5/24/13  P. v. Tillman CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C070879 |
| Plaintiff and Respondent, | (Super. Ct. No. 09F09412) |
| v. | ORDER MODIFYING OPINION |
| DERRICK DION TILLMAN, | [NO CHANGE IN JUDGMENT] |
| Defendant and Appellant. | |

THE COURT:

It is ordered that the opinion filed herein on May 16, 2013, be modified as follows:

At the end of the Disposition on page 10, add the following sentence:

Upon issuance of the remittitur, the Clerk/Administrator of this court is directed to send a copy of this opinion to the State Bar of California.

so that the Disposition now reads:

## DISPOSITION

Defendant's sentence is vacated and we remand this matter to the trial court for resentencing to permit it to exercise its discretion as authorized by *Garcia*, *supra*, 20 Cal.4th 490. The trial court is directed to correct the abstract of judgment to reflect a main jail booking fee of $270.17 and a main jail classification fee of $51.34, and to send, after resentencing, a certified copy of the abstract to the Department of Corrections and Rehabilitation reflecting the resentencing proceeding and changes to the sentence, if any, and the correction of these two fee amounts. In all other respects, the judgment is affirmed. Upon issuance of the remittitur, the Clerk/Administrator of this court is directed to send a copy of this opinion to the State Bar of California.

There is no change in judgment.

BY THE COURT:


      NICHOLSON      , Acting P. J.


      ROBIE      , J.


      BUTZ      , J.

Filed 5/16/13  P. v. Tillman CA3 (unmodified version)

**NOT TO BE PUBLISHED**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

**(Sacramento)**

**----**

| | |
|---|---|
| THE PEOPLE, | C070879 |
| Plaintiff and Respondent, | (Super. Ct. No. 09F09412) |
| v. | |
| DERRICK DION TILLMAN, | |
| Defendant and Appellant. | |

A jury convicted defendant Derrick Dion Tillman of one count of evading a peace officer, one count of possessing a firearm as a felon, and two related counts of carrying a firearm.  (Veh. Code, § 2800.2, subd. (a); former Pen. Code, §§ 12021, subd. (a)(1), 12025, subd. (b)(6), & 12031, subd. (a)(2)(F), respectively.[1])

Defendant was sentenced under the three strikes law to 50 years to life in state prison, based on consecutive 25-year-to-life sentences for the police evasion and the

---

[1]  Undesignated statutory references are to the Penal Code.

1

felon firearm possession convictions; the trial court stayed the sentences on the two firearm-carrying convictions under section 654.  (§§ 667, subds. (b)-(i), 1170.12.)

On appeal, defendant contends (1) the trial court misunderstood and abused its discretion in imposing the two consecutive 25-year-to-life terms; (2) the 50-year-to-life sentence is unconstitutionally cruel and unusual; and (3) defense counsel was ineffective for failing to argue that the trial court should strike the prior "strike" conviction(s) as to one of the two current convictions sentenced upon, as authorized by *People v. Garcia* (1999) 20 Cal.4th 490 (*Garcia*).  We reject contention (1); we agree with contention (3), vacate the sentence, and remand to the trial court for resentencing to permit it to exercise its discretion as authorized by *Garcia*; and we decline to address contention (2) at this stage, in light of the sentencing remand.  We also correct a clerical error brought to our attention.

### FACTUAL AND PROCEDURAL BACKGROUND

Defendant, a parolee at large, led peace officers on a short pursuit after they sought to apprehend him on December 29, 2009.

When well-marked officers descended upon defendant as he was backing his car out of a residential driveway, he ignored their surrender commands and instead drove off, nearly striking a patrol car.

A half-mile vehicle pursuit ensued that encompassed speeds up to 50 miles per hour, the running of a stop sign and a traffic light, the taking of evasive action by other drivers, and the discard from defendant's vehicle of a loaded .38-caliber revolver and about an ounce of marijuana.

Defendant eventually pulled into a parking lot, stopped his car, and got out with his hands up.  Along for the ride was defendant's adult son.

2

A search of defendant's car disclosed a black ski mask, black gloves, two additional black beanies, several plastic baggies, and a pair of binoculars.

As noted, this is a three strikes case. Defendant's two prior strikes comprised a 1993 conviction for attempted armed robbery and a 1999 conviction for armed robbery (sometimes referred to as a conviction in 1998 or 2000). (Defendant, who was born in 1969, also has a 1992 conviction for residential burglary that qualifies as a strike conviction but that offense was not charged as a strike here.)

After denying defendant's motion under section 1385 and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*) to "strike" the 1993 attempted armed robbery conviction as a prior strike, and sentence defendant instead to a determinate "two-strike" sentence as to each of the two current convictions sentenced upon (the police evasion and the felon firearm possession), the trial court sentenced defendant to the three-strike sentence of 50 years to life, as noted.

## DISCUSSION

### I. Two Consecutive Sentences on Current Felony Convictions

Defendant contends the trial court misunderstood the scope of its consecutive sentencing discretion and, if it understood its discretion, it abused that discretion by not imposing concurrent sentences on the two current felony convictions sentenced upon (police evasion and felon firearm possession). We disagree.

The trial court imposed consecutive sentences, reasoning: "The[se] [two] crimes and their objectives . . . were predominantly independent of each other . . . ."

The three strikes law requires "that sentencing on *distinct* current offenses be consecutive . . . ." (*Garcia*, *supra*, 20 Cal.4th at p. 500, italics added.) The trial court understood this legal requirement and did not abuse its discretion in finding the two sentenced current crimes "distinct"—i.e., predominantly independent of one another.

3

Neither of these two offenses facilitated the other, nor was one carried out to undertake the other. (See *People v. Ratcliff* (1990) 223 Cal.App.3d 1401, 1410 ["the crime [of firearm possession by a felon] is committed *the instant* the felon in any way has a firearm within his control"] original italics omitted; our italics added; *People v. Jones* (2002) 103 Cal.App.4th 1139, 1148 [the crime of felon firearm possession "uniquely targets the threat [in and of itself] posed by felons who possess firearms"].)

We conclude the trial court properly sentenced consecutively the current convictions for police evasion and felon firearm possession.

## II. Ineffective Assistance of Defense Counsel

### A. Background

As noted, defense counsel unsuccessfully argued, in a *Romero* motion (*Romero*, *supra*, 13 Cal.4th 497), that defendant did not deserve a three-strike life sentence; counsel asked the trial court to "strike" one of defendant's two prior strike convictions—his 1993 conviction for attempted armed robbery—as to the two current felony convictions sentenced upon (police evasion and felon firearm possession), "in the interest of justice in an effort to provide a [*two-strike*] *determinate* [rather than a three-strike life] sentence." (Italics added.)

What defense counsel did not do at sentencing, however, was to follow up his unsuccessful *Romero* motion with a *Garcia* motion (*Garcia*, *supra*, 20 Cal.4th 490) to strike one of defendant's prior strike convictions as to one of the two current convictions being sentenced upon, but not as to the other. The *Garcia* motion, if successful, would have resulted in defendant being sentenced to 25 years to life on one of the two current convictions, plus some form of much lower consecutive sentence for the other current conviction. (See *Garcia*, *supra*, 20 Cal.4th at pp. 495, 500; see also Veh. Code, § 2800.2, subd. (a) [police evasion] and Pen. Code, former § 12021, subd. (a)(1) [felon firearm

4

possession] [both of these offenses have a sentencing triad of 16 months/two years/three years] .)

In denying defendant's *Romero* motion, the trial court made an extensive record that provides the backdrop and essentially all we need to know to resolve the issue of ineffective assistance of counsel that defendant raises here based on *Garcia*. Consequently, we will now quote liberally from the trial court's record, and then use that record to resolve the *Garcia*-based ineffective assistance claim.

In denying defendant's *Romero* motion in April 2012, the trial court stated as relevant (some parts of the trial court's remarks have been quoted out of order, for organizational purposes of this opinion):

"[P]erhaps it would be more simple and clear or predictable if the law was such that the third strike had to be a serious felony.  That is not the law today, and the Court is bound and obligated to apply the law as it is today.[2]

"And Penal Code [section] 1385 and *People v. Gurrero* [*sic*; *Romero*] 13 Cal.4th 487 [*sic*; 497] give the Court discretion to strike a prior conviction after a consideration of defendant's background, the present case, and other individualized considerations, and the Court has done that. . . .

"The current offenses are not violent.  However the current offense involved a felony evading of peace officers at the time the defendant was a parolee at large.  [The offense involved] a high-speed chase in a residential area with at least one school [nearby,] . . . albeit less than a mile, . . . including running through a stop sign, and during

---

[2] After the trial court sentenced defendant, the California electorate in November 2012 passed Proposition 36, which has modified the three strikes law in a manner suggested by the trial court.  Proposition 36 is not before us in this appeal, and we express no views on it.

5

this chase the defendant threw out a loaded firearm . . . , and . . . his son dropped a bag of marijuana . . . .

"One of the appropriate considerations for the court is what would be the potential sentence if a [prior] strike [conviction] was struck, *and the maximum the court could impose if the court struck a prior would be seven years four months* [i.e., an aggregate two-strike, doubled consecutive term for the police evasion and the felon firearm possession, as noted in the probation report]. [(Italics added.)] . . .

"Both prior convictions are violent felonies per [section] 667.5 of the Penal Code." The first prior strike conviction is from 1993 for attempted armed robbery. Defendant "entered a McDonald's wearing a ski mask, pulled a gun to a customer's neck, demanded that the customer give him the gold, when the victim tried to grab the gun defendant struck the victim in the neck with his hand. He discharged the gun after he demanded the money from an employee, and he said to another employee [trying to flee], 'stop or I will shoot you.' " The second prior strike conviction is from 1999 for armed robbery. "And in that robbery he pointed a shotgun at a victim and forced him to give defendant everything. He then pointed the gun at another person at an apartment complex."

"There has been no break or any significant . . . period of law abidingness from when the defendant was a juvenile to when [he] was 40 years old." He has juvenile adjudications for misdemeanor battery (1984) and felony cocaine possession (1987). Besides the two prior strike convictions found here, he has adult convictions for carrying a loaded firearm (1990); cocaine transportation (1991); residential burglary (1992—a strike conviction itself, the trial court noted, which was dismissed during the sentencing proceeding on the 1999 robbery conviction, giving defendant a break at that point and a chance to turn his life around then); obstructing an officer (1996); and a pending driving under the influence case (2011).

6

"[S]o, as I said, he never had a significant period of law abidingness, *and although for me the choices are not ideal ones*, *I do believe 50 years to life is too high*, . . . these decisions the Court makes on . . . *Romero* motions are the hardest decisions I believe the Court makes. [(Italics added.)]

"However, applying the law, *Romero*, and *Williams* [(*People v. Williams* (1998) 17 Cal.4th 148) further explaining *Romero*], and Penal Code [section] 1385, given this record, the Court cannot say that the defendant falls outside of the spirit of the three strikes law. . . . [T]he Court would also like to point out that while being on parole [defendant's] had . . . five violations. So the [C]ourt is, after . . . individualized consideration involving the defendant, the Court is going to deny [the *Romero*] motion to strike the prior [strike] conviction."

### B. Analysis

In *Garcia, supra,* 20 Cal.4th 490, our state Supreme Court held that a trial court, in applying the three strikes law in sentencing on more than one current felony conviction, may exercise its discretion under section 1385 to dismiss a prior strike conviction with respect to one current conviction but not another. (*Id.* at pp. 492-493.) In short, under *Garcia*, prior strike convictions may be stricken on a current conviction-by-conviction basis.

*Garcia* noted that a trial court's ultimate determination in sentencing under the three strikes scheme is whether a defendant—considering his present felonies, his prior strike convictions, and his background, character and prospects—" 'may be deemed outside the scheme's spirit, in whole or in part.' " (*Garcia*, *supra*, 20 Cal.4th at pp. 498-499, quoting *People v. Williams*, *supra*, 17 Cal.4th at p. 161.) *Garcia* further explained that a defendant's overall sentence under the three strikes law is "a relevant consideration when deciding whether to strike a prior [strike] conviction . . . ; in fact, it is the overarching consideration because the underlying purpose of striking prior [strike]

7

conviction[(s)] [under section 1385] is the avoidance of unjust sentences." (*Garcia*, at p. 500.)

Defendant contends his trial counsel rendered ineffective assistance by failing to argue that the trial court should strike the prior strike conviction(s) on a current conviction-by-conviction basis, as contemplated by *Garcia*. We agree. As we shall explain, after the trial court denied defendant's *Romero* motion to strike his 1993 robbery conviction as to *both* of his current convictions being sentenced (and make this matter a second strike case as to each current conviction—the police evasion and the felon firearm possession), defense counsel was ineffective for failing to make a *Garcia* motion to strike the 1993 robbery conviction as to *one* of the two current felony convictions being sentenced.

To establish ineffective assistance of counsel, defendant must show (1) that counsel failed to act as a reasonably competent attorney, and (2) that prejudice resulted (i.e., there is a reasonable probability defendant would have fared better in the absence of counsel's failings). (*People v. Gates* (1987) 43 Cal.3d 1168, 1183, disapproved on another point in *People v. Williams* (2010) 49 Cal.4th 405, 459.)

Defendant has shown that his counsel failed to act as a reasonably competent attorney. There is no conceivable reason for defense counsel not to have made a *Garcia* motion following the denial of the *Romero* motion, given the trial court's remarks regarding the disparate sentencing choices legally available—approximately seven years versus 50 years. Defendant had nothing to lose and decades of sentence reduction to possibly gain through a *Garcia* motion. (E.g., defendant could have been sentenced under the three strikes law to 25 years to life for one of his current felonies, and to a much lower second strike or simple consecutive sentence on the other current felony— see *Garcia*, *supra*, 20 Cal.4th at pp. 495, 500; Veh. Code, § 2800.2, subd. (a); and Pen. Code, former § 12021, subd. (a)(1).)

8

Likewise, defendant has also shown his counsel's ineffectiveness prejudiced him. In denying defendant's *Romero* motion to make this a second strike case as to both current felony convictions being sentenced (police evasion and felon firearm possession), the trial court remarked that granting the *Romero* motion would result in a "maximum" sentence of only "seven years four months." But the trial court later remarked that while it "believe[d] 50 years to life is too high," and the sentencing "choices are not ideal ones," this lengthy sentence was compelled by *Romero*. In short, the trial court's remarks at the hearing on defendant's *Romero* motion show the court believed the seven-year four-month sentence was too low, and the 50-year-to-life sentence too high.

Perhaps *Garcia* furnished the "ideal" sentencing choice, but defense counsel failed to strike, so to speak, while the iron was hot. The trial court considered *only* a *Romero* motion to render this case a second strike determinate sentence case as to both of the current convictions. Defense counsel never presented the *Garcia* alternative to the trial court. Neither did the probation report, which framed its sentencing recommendations exclusively in terms of defendant's two prior strike convictions being stricken (yielding a sentence of three years eight months); one prior strike conviction being stricken (a sentence of seven years four months); and no prior strike convictions being stricken (a sentence of 50 years to life).

In light of defense counsel's ineffective assistance of counsel, we vacate defendant's sentence of 50 years to life and remand to the trial court for resentencing to permit it to exercise its discretion as authorized by *Garcia*.

### III. Clerical Errors

We agree with both parties that the abstract of judgment and sentencing minute order fail to accurately reflect the main jail booking fee of $270.17 and the main jail classification fee of $51.34, as ordered by the trial court. We will order these clerical errors corrected. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

## DISPOSITION

Defendant's sentence is vacated and we remand this matter to the trial court for resentencing to permit it to exercise its discretion as authorized by *Garcia*, *supra*, 20 Cal.4th 490. The trial court is directed to correct the abstract of judgment to reflect a main jail booking fee of $270.17 and a main jail classification fee of $51.34, and to send, after resentencing, a certified copy of the abstract to the Department of Corrections and Rehabilitation reflecting the resentencing proceeding and changes to the sentence, if any, and the correction of these two fee amounts. In all other respects, the judgment is affirmed.

　　　　　　　　　　　　　　　　　　　　BUTZ　　　　　　, J.

We concur:

　　　　NICHOLSON　　　　, Acting P. J.

　　　　ROBIE　　　　, J.

10