[No. B107536. Second Dist., Div. Two. Dec. 1, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
RAYMOND J. GARCIA, Defendant and Appellant.

**[Opinion certified for partial publication.†]**

---

†Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I and II of the Discussion.

## COUNSEL

Thomas F. Coleman under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Marc E. Turchin and Carol Frederick Jorstad, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BOREN, P. J.**—Raymond J. Garcia appeals from the judgment entered upon his conviction by jury of two counts of second degree robbery and two counts of second degree burglary (Pen. Code, §§ 211, 459), with findings, after a court trial, of two prior serious felony convictions within the meaning of Penal Code sections 667, subdivisions (b) through (i) and 1170.12, subdivisions (a) through (d), a prior serious felony conviction within the meaning of Penal Code section 667, subdivision (a), and a prior felony

conviction for which he served a separate prison term within the meaning of Penal Code section 667.5, subdivision (b).[1]

Appellant was sentenced to 25 years to life plus 8 years 4 months, calculated as follows: The court imposed the third strike term of 25 years to life on count 1, robbery, with a 5-year section 667, subdivision (a) enhancement, and stayed the sentence for burglary in count 2. The court exercised its discretion as to the prior convictions pursuant to section 1385 with respect to counts 3 and 4, robbery and burglary, and imposed consecutive sentences of one-third the midterm, doubled, or two years and sixteen months, respectively, on those counts.

Appellant contends that (1) the trial court erred in using two counts arising from a single conviction as two strikes, and (2) the trial court erred in adding a five-year section 667, subdivision (a) enhancement to his three strikes term.

Respondent contends that the matter must be remanded for resentencing because the trial court imposed an unauthorized sentence by striking one prior conviction with respect to two of the counts, while otherwise finding two prior convictions true and imposing a third strike term of 25 years to life on another count.

## FACTS

The evidence as to counts 1 and 2 established that on February 14, 1996, appellant entered Telas El Remate, the store owned by Maria Partida. After waiting until all the customers had left, he opened the cash register and grabbed nearly $300. When Partida tried to prevent him from escaping with the money, he tripped her, kicked her, and fled.

On February 17, 1996, appellant confronted Gilberto Aceituno, the victim in count 3, as Aceituno was leaving his store, which was not far from Partida's shop. Appellant stated he was the boss of F-13, a gang, said that his friends would come if he whistled, and demanded a dollar. Aceituno was afraid and gave him the dollar. Appellant then asked how much money Aceituno had, stating that his friends would beat Aceituno up, and Aceituno handed over additional money.

The evidence as to count 4 established that on January 25, 1996, appellant, carrying a screwdriver in his pocket, entered a clothing store located on the same block and told Luis LaVerde, the owner, that he belonged to the F-13

[1]Unless otherwise specified, all further statutory references are to the Penal Code.

gang and his friends would burn down the building if LaVerde did not pay him "taxes." Appellant grabbed 10 to 12 pairs of pants from the shelves and fled.

## DISCUSSION

I., II.*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

III. *Striking prior convictions for some, but not all, of the counts on which appellant was sentenced did not constitute an unauthorized sentence.*

■ Prior to trial, appellant requested that the trial court strike one or both of his prior convictions alleged under the three strikes law. The court denied the request without prejudice. Following the jury's verdict, in a sentencing memorandum, appellant suggested numerous alternatives to a third strike term of 75 years to life plus enhancements, including striking one or both priors and reducing the commercial burglary conviction to a misdemeanor.

After a discussion regarding sentencing which was held off the record, the prosecutor indicated her belief that the court's intended sentence, which included the exercise of discretion on two of the counts, was a "fair disposition." The trial court imposed a third strike sentence of twenty-five years to life on count 1, with a five-year enhancement, then stated, "With respect to the remaining three [*sic*] counts, I have selected, as I must do, since I've selected Count I as a base term, the midterm divided by a third, and that is how I have derived at the additional one year eight months." The court continued, "With respect to Counts II and III [*sic*], I am going to strike the two strikes. I am going to do so under the power of the Court pursuant to Penal Code Section 1385. I believe that the offense—the offenses committed in both of those counts were such that they result in Mr. Garcia committing, although serious acts, the amount of money involved, the amount of deliberation involved, and pre-planning appeared to be negligible, plus I believe that Mr. Garcia has a serious drug problem which may have been the underlying influence for him to have committed those offenses; therefore, I believe it is appropriate and that I am not abusing my discretion in striking the two strikes as to Counts II and III [*sic*]."

The clerk and counsel expressed confusion over which sentence was for which count. After some discussion regarding the proper designation of

*See footnote, *ante*, page 834.

counts, which had been renumbered after other counts with which appellant had been charged were dismissed for various reasons, defense counsel stated, "So Count II I believe is 654 to Count I, Count III was the 211 as to Gilberto Aceituno, and then Count IV would be commercial burglary as to Mr. [LaVerde]." The court suggested, "All right. Let's add it up then." Defense counsel stated, "It should be 30 to life on Count I, and then one-third the midterm on Count III doubled would be a two year . . . [p]lus 16 additional months for Count IV . . . ." The trial court reiterated that the sentence for robbery in count 3 was "one-third of the midterm doubled" and the sentence in count 4, burglary, was also doubled.

Respondent contends that the trial court erred in making inconsistent findings as to the priors, finding two priors true for purposes of count 1 but striking one of the priors as to counts 3 and 4, and claims that the resulting sentence is unauthorized. Respondent argues that if the court had found only one prior true, the sentence would have been a second strike sentence including doubled terms, but, having found both prior convictions true and having sentenced appellant to 25 years to life on count 1, the court should have sentenced appellant to 3 consecutive terms of 25 years to life on counts 1, 3 and 4.

Appellant replies that under *People* v. *Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628], the trial court had the discretion pursuant to section 1385 to strike one or more prior convictions on two of the counts. He argues, however, that the matter should be remanded to clear up the ambiguity as to whether the trial court intended to strike one or two prior convictions as to each of counts 3 and 4.

We conclude that the trial court had the authority to strike one or both prior convictions as to some, but not all, counts. In *People* v. *Superior Court (Romero)*, *supra*, 13 Cal.4th 497, 529-530, the Supreme Court held that trial courts have the discretion under section 1385 to strike prior convictions in three strikes cases. The court nowhere limited the trial courts to striking prior convictions for all counts as opposed to striking them for some counts. Indeed, the Supreme Court has emphasized that the trial court is to exercise its discretion based on the facts before it, and we have as well. (See *People* v. *Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 979 [60 Cal.Rptr.2d 93, 928 P.2d 1171]; *People* v. *Vessell* (1995) 36 Cal.App.4th 285, 295 [42 Cal.Rptr.2d 241].) Here, the trial court did just that and considered appellant's conduct as to particular counts in exercising its discretion. We observe, too, that the prosecutor not only failed to object, but in fact concurred in the court's sentencing decision, terming it a "fair disposition."

Appellant argues that the matter must be remanded to clarify whether the trial court intended to strike one prior conviction or two as to each of counts

3 and 4. We cannot tell exactly what the court stated its intended sentence was to be during the discussion held off the record. Its declared intent to strike "the two strikes" may have meant two strikes per count or one for each count. The court initially imposed one year, eight months as a subordinate term, which constitutes one-third the midterm for each subordinate count without strike priors, but, following the calculations of defense counsel, ultimately ordered that the midterm sentences on counts 3 and 4 be doubled, the calculation for a defendant with one prior strike conviction. It appears appropriate under these circumstances to remand the matter to permit the trial court to clarify whether it intended to strike both prior convictions or just one prior conviction as to each of counts 3 and 4, and to impose judgment accordingly. On remand, the trial court shall sentence appellant on counts 3 and 4 in accordance with section 1170.1, designating either count 3 or count 4 the principal term which will be a full term sentence. (*People* v. *Reyes* (1989) 212 Cal.App.3d 852 [260 Cal.Rptr. 846].)

### DISPOSITION

The matter is remanded for resentencing in accordance with the views expressed herein, and in all other respects the judgment is affirmed.

Fukuto, J., and Zebrowski, J., concurred.

A petition for a rehearing was denied December 22, 1997, and the opinion was modified to read as printed above. Respondent's petition for review by the Supreme Court was denied March 11, 1998. Kennard, J., was of the opinion that the petition be granted.