Filed 9/7/23  P. v. Orona CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br>TOMAS ORONA,<br><br>        Defendant and Appellant. | A165978<br><br>(Alameda County Super. Ct.<br> No. 171531) |

A jury found defendant Tomas Orona guilty of 10 felony offenses, including attempted murder of a sheriff's deputy, and found true numerous firearm enhancement allegations.  In a prior appeal, we affirmed the convictions, but we remanded for resentencing, in part so the trial court could consider whether to strike one or more of the firearm enhancements in the interests of justice under its new discretion granted by Senate Bill No. 620 (2017-2018 Reg. Sess.) (S.B. 620).  (*People v. Orona* (Feb. 14, 2018, A143354) 2018 WL 851212, *1, *15 (*Orona I*).)

The trial court resentenced defendant on remand, and defendant now appeals from the new sentence.  We remand to the trial court to clarify its intentions as to certain aspects of the sentence and to correct three errors in the abstract of judgment.

1

## FACTUAL AND PROCEDURAL BACKGROUND

*Charges and Conviction*

Following a multiple-day crime spree, defendant was charged in a 10-count information with assaulting Robert Duszynski with a firearm (Pen. Code,[1] § 245, subd. (a)(2); count 1); possessing a firearm as a felon (§ 29800, subd. (a)(1); count 2); assaulting James Gregory with a firearm (§ 245, subd. (a)(2); count 3) with an allegation of personal infliction of great bodily injury (§ 12022.7, subd. (a)); kidnapping Gregory (§ 207, subd. (a); count 4); driving or taking a vehicle owned by Victoria Gray (Veh. Code, § 10851, subd. (a); count 5); evading a peace officer (*id.*, § 2800.2, subd. (a); count 6); assaulting a peace officer, sheriff's deputy Duane Fisher, with a firearm (§ 245, subd. (d)(1); count 7); attempting to murder peace officer Fisher (§§ 187, subd. (a), 664, subd. (e); count 8) with allegations that the attempt was willful, deliberate, and premeditated (§ 664, subds. (e)-(f)) and that defendant personally and intentionally discharged a firearm (§ 12022.53, subds. (b)-(c) & (g)); falsely imprisoning Fred Dudek by violence (§ 236; count 9); and, again, possessing a firearm as a felon (§ 29800, subd. (a)(1); count 10). (*Orona I*, *supra*, 2018 WL 851212, at *1.)

For counts 1, 3, 4, 7, 8, and 9, the information alleged defendant personally used a firearm in the commission of the offense (§ 12022.5, subd. (a)).  (*Orona I*, *supra*, 2018 WL 851212, at *1.)  It was also alleged that defendant had been convicted of two prior serious felonies (§ 667, subd. (a)(1)) and three prior strikes (§ 667, subd. (e)(2)) and that he had served a prior prison term (§ 667.5, subd. (b)).  (*Ibid.*)

After a jury trial, "defendant was found guilty of all charges except for the kidnapping of James Gregory (count 4); the jury also found defendant

---

[1] Further undesignated statutory references are to the Penal Code.

2

guilty of the lesser included offense to count 4 of false imprisonment of Gregory by violence (§ 236) and found true the allegation that defendant personally used a firearm (§ 12022.5, subd. (a)). The jury found true all of the related special allegations." (*Orona I*, *supra*, 2018 WL 851212, at \*4.) In a subsequent court trial, the trial court granted the prosecution's motion to dismiss the third strike allegation and found true the remaining allegations regarding prior convictions. (*Ibid*.)

At sentencing in 2014, "the trial court struck one of the prior strike allegations, and defendant was sentenced to an indeterminate term of 30 years to life, plus a consecutive 45-year 4-month determinate term." (*Orona I*, *supra*, 2018 WL 851212, at \*4.) The trial court designated count 8, attempted murder of Officer Fisher, the principal term and, for this count, imposed an indeterminate term of 30 years to life (15 years to life doubled because of the prior strike) and consecutive determinate terms of 20 years for the firearm discharge enhancement (§ 12022.53, subd. (c)) and 5 years for the prior serious felony conviction (§ 667, subd. (a)).

*Defendant's First Appeal*

"Before 2018, sections 12022.5 and 12022.53 prohibited a trial court from striking a firearm enhancement required to be imposed under those sections. [Citation.] The Legislature enacted Senate Bill No. 620 (2017-2018 Reg. Sess.) to amend sections 12022.5 and 12022.53, effective January 2018, to give a trial court discretion to strike those enhancements: Sections 12022.5, subdivision (c), and 12022.53, subdivision (h), now provide that a 'court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section.' " (*People v. Lipscomb* (2022) 87 Cal.App.5th 9, 15–16.)

In his first appeal, defendant argued, among other things, that the matter should be remanded for resentencing under S.B. 620. (*Orona I*, *supra*, 2018 WL 851212, at *14.) We agreed and remanded to allow the trial court to consider, in the first instance, whether to strike one or more of the firearm enhancements under its newly granted discretion. (*Id.* at *15.)

*Sentencing on Remand*

On remand in 2022, the trial court elected to reduce the firearm enhancement for count 8 from 20 years to 10 years.

## DISCUSSION

A. *Corrections to the Abstract of Judgment*

Initially, we will order the trial court to correct three errors in the abstract of judgment that the parties and this court have identified.

1. Firearm Enhancement Under Section 12022.53, Subdivision (b)

At resentencing, the trial court stated it would "re-impose under Count 8 the 15 years-to-life which is double because of that strike prior, but I would impose *not* a 20-year [enhancement for personal discharge of a firearm] . . . but a 10-year [enhancement for personal firearm] use under the lesser 12022.53(b)." (Italics added.) There is no dispute that under S.B. 620, the trial court had discretion to replace the 20-year enhancement for personal *discharge* of a firearm under section 12022.53, subdivision (c), with the lesser included 10-year enhancement for personal *use* of a firearm under subdivision (b) of the statute. (See *People v. Tirado* (2022) 12 Cal.5th 688, 700–702 ["the Legislature has permitted courts to impose the penalties under section 12022.53(b), (c), or (d) so long as the existence of facts required by the relevant subdivision has been alleged and found true"].)

The abstract of judgment filed June 20, 2022, however, reflects an enhancement for count 8 under section "12022.53(c)," rather than section

4

12022.53, subdivision (b). The parties agree the abstract of judgment should be amended to correct this error. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185 [appellate courts may order correction of abstracts of judgment that do not accurately reflect the oral pronouncements of sentencing courts].) We therefore order the trial court to amend the abstract of judgment to delete reference to section "12022.53(c)" and instead to reflect the court's imposition of a 10-year enhancement for count 8 pursuant to section 12022.53, subdivision (b).

### 2. Custody Credits

"[W]hen a prison term already in progress is modified as the result of an appellate sentence remand, the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29.)

Here, the abstract of judgment filed June 20, 2022, incorrectly provides that defendant has 938 total credits with 816 actual days served. These are the same numbers shown in the prior abstract of judgment filed September 3, 2014. The parties agree the abstract of judgment should be corrected to reflect all of defendant's custody credits. We remand the matter with instructions that the trial court recalculate defendant's custody credits and amend the abstract of judgment accordingly.

### 3. Stay of Punishment for Count 7 Under Section 654

In his first appeal, defendant argued the punishment for count 7, assault with a firearm on Officer Fisher, had to be stayed under section 654 because the same conduct was already punished by count 8, attempted murder of Officer Fisher. (*Orona I, supra*, 2018 WL 851212, at *11.) We found the sentencing hearing transcript suggested that both the prosecutor and the trial court understood section 654 applied to count 7, but the court

5

"inexplicably did not stay the sentence." (*Orona I, supra*, 2018 WL 851212, at *11.) However, we concluded the record was ambiguous on the issue; so we remanded "to the trial court to consider and clarify whether and how section 654 applie[d] to . . . counts" 7 and 8 (the two offenses that involved shooting at Officer Fisher). (*Orona I, supra*, 2018 WL 851212, at *12.)

The transcript of the resentencing hearing in 2022 demonstrates the prosecutor and the trial court understood that section 654 applied to counts 7 and 8 such that punishment for one of the two counts had to be stayed. The prosecutor noted that section 654 had recently been amended, and the trial court now had the discretion to stay the punishment for either count 8 or count 7, where previously the court had been required to impose the longer punishment and stay the shorter punishment.[2] After hearing argument on the issue, the trial court stated it "would continue" to "stay" the punishment for count 7, which was stayed because "it relates to the principle [*sic*] offense" of attempted murder. The court concluded, "the sentence . . . and the four-year gun enhancement is stayed as it relates to Count 7." Thus, the trial court unambiguously stayed punishment for count 7 pursuant to section 654.

But the abstract of judgment incorrectly indicates (as before) that the 12-year term for count 7 is concurrent rather than stayed. We therefore order the trial court to amend the abstract of judgment to accurately reflect

---

[2] In 2014, when defendant was originally sentenced, "section 654 provided that when an act or omission was 'punishable in different ways by different provisions of law,' the trial court was required to punish the defendant 'under the provision that provide[d] for the longest potential term of imprisonment.' (Former § 654, subd. (a), as amended by Stats.1997, ch. 410, § 1.) Effective January 1, 2022, . . . Assembly Bill No. 518 (2021–2022 Reg. Sess.) . . . amended section 654, subdivision (a), 'to afford sentencing courts the discretion to punish the act or omission under either provision,' without regard to the longest potential term of imprisonment." (*People v. Caparaz* (2022) 80 Cal.App.5th 669, 688.)

6

that the 12-year term for count 7 is *stayed* under section 654. (See *People v. Mitchell*, *supra*, 26 Cal.4th at p. 185.)

B.    *Defendant's Remaining Claims Regarding the Abstract of Judgment*

Defendant contends the abstract of judgment must be amended in two additional ways. We disagree.

1.    Background

When defendant was originally sentenced in 2014, the trial court imposed a 5-year enhancement under section 667, subdivision (a) (§ 667(a)), for a prior serious felony conviction in connection with count 8 and ordered restitution of $10,000 under section 1202.4, subdivision (b), and another $10,000 pursuant to section 1202.45, "suspended unless parole is revoked."

In defendant's first appeal, we affirmed the judgment but remanded for resentencing. The disposition in *Orona I* provided, "The matter is remanded to the trial court for a sentencing hearing to consider the applicability of section 654 consistent with this opinion, and to consider whether it should in the interests of justice under section 1385 strike one or more of the firearms enhancements. In all other respects, the judgment is affirmed." (*Orona I*, *supra*, 2018 WL 851212, at *15.)

At the resentencing hearing on remand in 2022, the trial court did not mention the 5-year enhancement under section 667(a), or restitution. The abstract of judgment filed June 20, 2022, reflects the 5-year enhancement under section 667(a) for count 8 and the two restitution fines continue to be imposed.

2.    Analysis

Defendant argues the fact the trial court did not expressly state that it was reimposing the section 667(a) enhancement for count 8 and the restitution fines on remand means the court implicitly exercised its discretion

not to impose the enhancement and restitution fines.  He argues, therefore, that the abstract of judgment must be corrected to delete the enhancement and restitution fines.  This argument might be persuasive if the 2022 sentencing hearing had been the original sentencing hearing and the trial court failed to address these matters.  (See *People v. Tillman* (2000) 22 Cal.4th 300, 302–303 [where the sentencing court fails to impose mandatory restitution fines and fails to make the required finding for not doing so, claim of sentencing error is forfeited on appeal unless the People raised the issue with the lower court].)

But, in this case, the trial court properly imposed the 5-year enhancement under section 667(a) and the restitution fines at the original sentencing hearing in 2014.  In defendant's first appeal, we found no sentencing error, and our disposition remanding for resentencing did not operate to vacate the original sentence.  (See *People v. Ramirez* (2019) 35 Cal.App.5th 55, 63 [remand for resentencing "did not necessarily vacate the original sentence and therefore an operative judgment remained"].)  Because we did not vacate the original sentence, the trial court was not required to conduct an entirely new sentencing hearing from scratch on remand.  We instructed the trial court only "to consider the applicability of section 654 . . . and to consider whether it should in the interests of justice under section 1385 strike one or more of the firearms enhancements," while holding that the judgment was otherwise affirmed.  (*Orona I*, *supra*, 2018 WL 851212, at *15.)  At the resentencing hearing, defense counsel never argued the court should reconsider its previous imposition of the section 667(a) enhancement for count 8 or the restitution fines.  Thus, it is understandable that the trial court on remand addressed how section 654 applied to counts 7 and 8 and

8

reconsidered the firearm enhancements but did not mention either the section 667(a) enhancement or restitution.

On this record, we reject defendant's argument that we must interpret the court's silence as to the section 667(a) enhancement for count 8 and the restitution fines—matters unrelated to the scope of our remand—to mean the court implicitly exercised its discretion to reconsider, and then declined to impose, the section 667(a) enhancement and restitution fines it previously imposed and which remained in effect. That said, we recognize the resentencing transcript is arguably ambiguous regarding the trial court's intention. In this circumstance, we will remand to permit the trial court to clarify whether it intended to decline to impose the section 667(a) enhancement and the restitution fines. (See *People v. Garcia* (1997) 59 Cal.App.4th 834, 838–839 [remanding for clarification where the appellate court could not tell what the trial court's intended sentence was].)

C.    *The Trial Court's Stay of Firearm Enhancements*

Finally, we identify an issue not raised by the parties.

At the original sentencing hearing in 2014, the trial court imposed additional terms of imprisonment pursuant to section 12022.5, subdivision (a), for defendant's use of a firearm in the commission of counts 1, 3, 4, 7, and 9.[3]

At resentencing on remand, the trial court reconsidered these firearm enhancements and stated that it would "stay" each of them. Given that we instructed the court "to consider whether it should in the interests of justice under section 1385 strike one or more of the firearms enhancements," it appears that the trial court intended to apply section 1385 when it stayed the

_____

[3] Count 4 here refers to defendant's conviction of false imprisonment, a lesser included offense of the charged offense of kidnapping.

9

firearm enhancements.  But section 1385 does not authorize the *stay* of enhancements; rather, "[u]nder section 1385, a trial court may 'strike or dismiss an enhancement' or 'the additional punishment for that enhancement in the furtherance of justice.'  (§ 1385, subd. (b)(1).)"  (*People v. Bay* (2019) 40 Cal.App.5th 126, 139 [" 'The trial court has no authority to stay an enhancement, rather than strike it—not, at least, when the only basis for doing either is its own discretionary sense of justice' "].)

The trial court could not stay enhancements under section 1385.  When "a sentence choice is based on an erroneous understanding of the law, the matter must be remanded for an informed determination."  (*People v. Downey* (2000) 82 Cal.App.4th 899, 912.)  We believe this rule applies here. Accordingly, we will remand for the trial court to clarify whether it intended to strike or dismiss these enhancements or the additional punishments under section 1385.

## DISPOSITION

The matter is remanded for the trial court to clarify whether it intended to decline to impose the section 667(a) enhancement for count 8 and the restitution fines and whether it intended to strike or dismiss one or more of the firearm enhancements associated with counts 1, 3, 4, 7 and 9, and to recalculate defendant's custody credits.  In addition, the trial court is ordered to correct the abstract of judgment by (1) deleting reference to "12022.53(c)" and specifying that the 10-year firearm enhancement to count 8 is pursuant to section 12022.53, subdivision (b); (2) deleting the incorrect amount of custody credits and listing defendant's recalculated custody credits; and (3) reflecting that the 12-year term for count 7 is stayed pursuant to section 654.

_____

Miller, J.

WE CONCUR:


_____

Richman, Acting P.J.


_____

Markman, J.*


A165978, *People v. Orona*

---

   * Judge of the Alameda Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.