Filed 1/3/25  P. v. O'Bannon CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H051267 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. BB943129) |
| v. | |
| VINCENT EARL O'BANNON, | |
| Defendant and Appellant. | |

Defendant Vincent Earl O'Bannon appeals from the denial of his Penal Code section 1172.75[1] request for a full resentencing after the trial court determined he was ineligible because his three prior prison term enhancements under former section 667.5, subdivision (b) (section 667.5(b)) were either stricken or stayed.  Our review of the record, however, discloses that the trial court in denying relief did not satisfy its statutory obligation to determine whether "the current judgment includes a sentencing enhancement described in [section 1172.75,] subdivision (a)."  (§ 1172.75, subd. (c).)  The oral pronouncement of the original sentence was not only internally inconsistent but in conflict with the clerk's minutes and abstract of judgment on the critical issue of the sentencing court's treatment of the now-invalid section 667.5(b) enhancements.  Because the record is too unclear to support the trial court's apparent belief that O'Bannon's

_____

[1] Unspecified statutory references are to the Penal Code.

section 667.5(b) enhancements had been adjudicated identically to those of the other petitioners denied in the same consolidated hearing, and because the disposition of the enhancements is central to O'Bannon's claims for relief under section 1172.75, we reverse the order denying O'Bannon relief and remand the matter for further proceedings.

## I.    BACKGROUND

In 2011, O'Bannon pleaded guilty to five counts of second degree burglary (§§ 459, 460, subd. (b); counts 1–5) and one count of using personal identifying information without authorization (§ 530.5, subd. (a); count 6). O'Bannon also admitted three prior prison terms under former section 667.5(b) and two prior strike convictions (§§ 667, subds. (b)–(i), 1170.12).

At the October 2011 sentencing hearing, the trial court considered itself bound by a prior judge's earlier refusal to dismiss O'Bannon's prior strike convictions. The court specified, however, that it did not consider itself bound by the prior judge's indicated sentence.[2] The trial court thereafter sentenced O'Bannon to a total term of "28 years[] 4 months" but stated the components of the sentence as follows: "the mitigated term on [c]ount 1 but with the two strike priors makes this a 25-year case with a subsequent eight-month consecutive sentence, which is one-third the midterm on the remaining counts" but with the sentence on count 6 being a "16 months concurrent." The components of the sentence as pronounced at the sentencing hearing would total 27 years eight months for counts 1 through 5, with a concurrent term of 16 months for count 6. But the clerk's minutes and the abstract of judgment instead reflect an indeterminate term of 25 years to life on count 1, a concurrent term of 16 months on count 6, a low term of 16 months for count 2, and consecutive terms of eight months on each of the three remaining counts.

---

[2] The sentencing court did not disclose the prior indicated sentence, and the reporter's transcript of that prior hearing has reportedly been destroyed under Government Code section 69955, subdivision (e).

2

The court made no reference at the sentencing hearing to the former section 667.5(b) enhancements. Yet the clerk's minutes and abstract of judgment reflect that the punishments for the former section 667.5(b) enhancements were stricken: "PC 667.5(B) x 3 — strike punish [per] PC 1385." The abstract of judgment listed the three former section 667.5(b) enhancements followed by the notation "**S," with a footnote, consistent with the clerk's minutes, representing the punishments were stricken.

In July 2023, O'Bannon petitioned for resentencing under section 1172.75, representing that he had been "included on the list of individuals provided to the Court by [the California Department of Corrections and Rehabilitation (CDCR)] as having an eligible [Senate Bill No.] 483[(2021–2022 Reg. Sess.)] prior" and that his judgment of conviction included former section 667.5(b) enhancements that are no longer valid. The petition did not reference the original sentencing hearing but attached as exhibits copies of the indeterminate abstract of judgment, determinate abstract of judgment, and amended determinate abstract of judgment, all reflecting the notation "**S" after the three former section 667.5(b) enhancements. The prosecutor opposed the petition.

The next month, the trial court denied O'Bannon's request for resentencing, concluding that defendants who have a now-invalid former section 667.5(b) enhancement are not entitled to resentencing if the additional punishment for the enhancement was either suspended or stricken.[3]

---

[3] The Courts of Appeal are presently divided as to the proper interpretation of section 1172.75 and whether the statute affords relief only to those whose sentences were imposed and executed or to those defendants whose sentences were either stayed or stricken. (*People v. Rhodius* (2023) 97 Cal.App.5th 38, 49, review granted Feb. 21, 2024, S283169 [holding § 1172.75 applies only where the sentence for the enhancement was imposed and executed]; *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1281–1283 [holding § 1172.75 applies where the sentence was imposed but stayed]; *People v. Christianson* (2023) 97 Cal.App.5th 300, 315, review granted Feb. 21, 2024, S283189 [accord]; *People v. Espino* (2024) 104 Cal.App.5th 188, 196, review granted Oct. 23, 2024, S286987 [holding that a sentence enhancement is "imposed" within the meaning of § 1172.75 whether punishment was executed, stayed, or struck].)

## II.    DISCUSSION

On appeal, O'Bannon at first contended that he was entitled to a full resentencing under section 1172.75 because he had a prior prison term enhancements under former section 667.5(b), for which the trial court had stricken the punishments. The record, however, is murkier. The court in its oral pronouncement did not address the prior prison term enhancements O'Bannon had admitted, the component terms it stated for each count do not reach the cumulative sentence it imposed, and the discrepancy cannot be explained by the prior prison term enhancements. So we directed the parties to brief whether a failure to address the section 667.5(b) enhancements in pronouncing judgment would result in an unauthorized sentence. The parties now agree that it would. Given the lack of clarity in the record, we conclude that remand is required so that the trial court can reconsider its determination that the sentencing court struck or stayed the punishment for the former section 667.5(b) enhancements and, if necessary, correct the sentence if in fact it was unauthorized.

### A.    *The Trial Court's Original Sentence is Unclear*

The record of the oral pronouncement of sentence conflicts with the minutes and abstract of judgment prepared by the clerk of the court. The sentencing judge did not address the prior prison term enhancements. And although the sentencing judge referred to a prior judge having stated an indicated sentence, the record discloses neither the prior judge's proposed treatment of the section 667.5(b) enhancements nor the indicated sentence. We are thus left to guess as to whether the actual sentence—either as pronounced or as described by the clerk—was intended to conform to the prior judge's indicated sentence.[4]

---

[4] An indicated sentence is "no[t a] *promise* that the sentence will be imposed." (*People v. Clancey* (2013) 56 Cal.4th 562, 575.) An indicated sentence is the sentence that "the court views, on the record then available, as the appropriate sentence" should the defendant be convicted at trial. (*Ibid.*) A trial court is not bound by an indicated

4

Although the abstract of judgment and clerk's minutes report that the enhancements were stricken, "[a]n abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)  There may be circumstances where a written order or the clerk's minutes may control over the oral pronouncement.  (See *People v. Pirali* (2013) 217 Cal.App.4th 1341, 1346.)  But nothing in the limited record here reflects that the sentencing court considered its discretion under section 1385 or approved the clerk's notation that it had used that discretion to strike the punishment for the section 667.5(b) enhancements.[5]

Nor does our ordinary presumption "that the court knows and applies the correct statutory and case law" aid us here.  (*People v. Coddington* (2000) 23 Cal.4th 529, 644, overruled on different grounds in *Price v. Superior Court* (2001) 25 Cal.4th 1046, 1069, fn. 13; Evid. Code, § 664.)  Any interpretation of the record rebuts this presumption.  The sentence as orally pronounced would be unauthorized because "[t]o neither strike nor impose a prior prison term enhancement is a legally unauthorized sentence." (*People v. Bradley* (1998) 64 Cal.App.4th 386, 390; see *People v. Scott* (1994) 9 Cal.4th 331, 354 [unauthorized sentence is one that cannot lawfully be imposed under any circumstance in the particular case].)  And the sentence as written in the clerk's minutes and abstract of judgment would violate section 1385's requirement that "the reasons for the exercise of discretion must be set forth in writing in the minutes." (*Bradley*, at p. 391.)

_____

sentence, and the trial court may impose a different sentence if different facts are presented before sentencing.  (*People v. Labora* (2010) 190 Cal.App.4th 907, 915.)

[5] We note that the court after concluding the sentencing hearing did recall the matter, but this was to remedy a different omission, an advisement of O'Bannon's right to appeal.

5

**B.** *The Trial Court Must Reconsider its Denial of Resentencing*

Under these unusual circumstances—where crediting the sentencing transcript would result in an unauthorized sentence but crediting the clerk's minutes would at a minimum imply a violation of section 1385's plain terms—we must determine whether the trial court in denying relief under section 1172.75 met its statutory obligation to "verify" the sentencing court's treatment of the former section 667.5(b) enhancements. (§ 1172.5, subd. (c).)  And here, because the record is contradictory and the discrepancy is *crucial* to O'Bannon's entitlement for relief under section 1172.75, we believe it appropriate for the trial court to resolve the discrepancy in the first instance.  (See *People v. Garcia* (1997) 59 Cal.App.4th 834, 839 [finding that it was "appropriate . . . to remand the matter to . . . the trial court to clarify" whether it intended to strike one or two prior convictions as to two counts]; § 1260 [reviewing court may "remand the cause to the trial court for such further proceedings as may be just under the circumstances"].)

To determine whether denial of relief under section 1172.75 was appropriate, the trial court needed to determine whether the judgment includes a now-invalid prior prison term enhancement.  (§ 1172.75, subd. (c).)  As enacted by Senate Bill No. 483 (2021–2022 Reg. Sess.), section 1172.75 declares that "[a]ny sentence enhancement" imposed prior to January 1, 2020, under section 667.5(b), except for certain enhancements imposed for sexually violent offenses, are "legally invalid" (§ 1172.75, subd. (a)); thus, eligible defendants with now-invalid priors are entitled to have the trial court recall their sentence and resentence them accordingly (*id.*, subd. (c)).  Although the trial court in considering whether to recall O'Bannon's sentence under section 1172.75 believed that O'Bannon was ineligible because the section 667.5(b) enhancements were either suspended or stricken, the court does not appear to have had the benefit of the original sentencing transcript.  In support of resentencing, O'Bannon submitted copies of the abstracts of judgment, and during the resentencing hearing and in its order the trial court did not acknowledge the conflicting oral pronouncement of sentence or resolve whether

6

the oral or written pronouncement controls. Indeed, the order denying O'Bannon's request for resentencing under section 1172.75 was boilerplate in which the case name and number were handwritten in the space provided in the template.

If the trial court determines that the original sentence was unauthorized, however, the Attorney General contends that the court lacks jurisdiction to correct the defect on remand. Under the Attorney General's theory, any failure to impose or strike the section 667.5(b) enhancement is "an entirely separate issue from the denial of [O'Bannon's] section 1172.75 petition." We disagree, as we will explain for the trial court's benefit on remand.

To be sure, neither this court nor the trial court can correct an unauthorized sentence without first having jurisdiction over the matter. "An unauthorized sentence ' "do[es] not become irremediable when a judgment of conviction becomes final, *even after affirmance on appeal.*" ' [Citation.] But to invoke this rule the court must have jurisdiction over the judgment." (*In re G.C.* (2020) 8 Cal.5th 1119, 1130.) This is so because "the unauthorized sentence doctrine is a principle of waiver rather than jurisdiction . . . ." (*People v. King* (2022) 77 Cal.App.5th 629, 637.)

Neither party, however, disputes that the trial court had jurisdiction to consider O'Bannon's petition for resentencing under section 1172.75. "Once the trial court received . . . identification information from the [CDCR], it had authority over the [petition for resentencing under section 1172.75] and was statutorily authorized to act." (*People v. Cota* (2023) 97 Cal.App.5th 318, 332–333.) It is also undisputed that this court has jurisdiction to consider O'Bannon's timely appeal from the denial of resentencing. (§ 1237, subd. (b) [authorizing defendant's appeal from "any order made after judgment, affecting the [defendant's] substantial rights"].) And we do not reverse the original judgment or vacate it in its entirety—we reverse only the trial court's order denying section 1172.75 relief so that the trial court may reconsider, in light of the entire record, whether O'Bannon is entitled to recall and resentencing under the law. (See

7

§ 1172.75, subd. (d).) The Attorney General identifies no defect in our jurisdiction to do so.

We reject the Attorney General's notion that the trial court—if it were to determine on remand that the sentence O'Bannon is presently serving is unauthorized—would lack jurisdiction to remedy the defect or grant the full resentencing O'Bannon seeks. (See, e.g., *People v. Buycks* (2018) 5 Cal.5th 857, 893.) Effective January 1, 2024, even where the sentence was neither unauthorized nor otherwise legally infirm when originally pronounced, a trial court may on its own motion recall and resentence a defendant "at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (§ 1172.1, subd. (a)(1); Stats. 2023, ch. 446, § 2, p. 5416.) It is precisely such a change in applicable sentencing law that O'Bannon's petition originally invoked, albeit under the narrower jurisdictional scheme of section 1172.75. Since then, the Legislature by amending section 1172.1 has vested the trial court with discretion to recall an otherwise final sentence that was correct when pronounced—based solely on ameliorative statutory changes —and exercise full sentencing discretion "provided the new sentence, if any, is no greater than the initial sentence." (§ 1172.1, subd. (a)(1).) In conferring this broad discretion to recall and resentence, the Legislature necessarily vested the trial courts with jurisdiction to exercise resentencing discretion in any case where the applicable sentencing laws afforded greater lenity. We therefore discern no jurisdictional impediment to a full resentencing if the trial court determines that O'Bannon's sentence was unauthorized. "[T]he applicable sentencing laws at the time of original sentencing [have] subsequently [been] changed by new statutory authority"—the condition precedent for the trial court's resentencing jurisdiction "at any time." *Ibid.*)

We express no opinion on whether or how O'Bannon should be resentenced. We observe only that on the unique circumstances present here, the trial court must determine whether the judgment either (1) includes a now-invalid prior prison term enhancement, or

8

(2) lacks a prior prison term enhancement because O'Bannon is serving an unlawful sentence. If the court, after considering the reporter's transcript of the sentencing hearing and any other evidence the parties may present to reconcile its discrepancy with the clerk's minutes and abstract of judgment, finds that the judgment includes a now-invalid section 667.5(b) enhancement, it shall afford O'Bannon a full resentencing hearing consistent with section 1172.75. If the court finds that the judgment does not include a now-invalid section 667.5(b) enhancement but determines that the reason for this omission was the sentencing court's imposition of an unauthorized sentence, the court may exercise its discretion to recall and correct the unauthorized sentence, applying current sentencing law in a full resentencing.

## III.   DISPOSITION

The order denying O'Bannon relief under Penal Code section 1172.75 is reversed and the matter is remanded for reconsideration of whether O'Bannon should be resentenced.

_____

LIE, J.

WE CONCUR:

_____

GREENWOOD, P. J.

_____

GROVER, J.

*People v. O'Bannon*
H051267