Filed 1/2/26  P. v. Vasquez CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. FRANK VASQUEZ, Defendant and Appellant. | B336476 (Los Angeles County Super. Ct. No. PA045357) |

APPEAL from an order of the Superior Court of Los Angeles County, Michael Terrell, Judge.  Affirmed and remanded with directions.

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield, Supervising Deputy Attorney General, and Lindsay Boyd, Deputy Attorney General, for Plaintiff and Respondent.

Defendant Frank Vasquez's (defendant's) Penal Code section 1172.75 petition for resentencing asked the trial court to strike certain sentencing enhancements that were no longer valid under current law and to exercise its discretion to strike other enhancements and prior strike convictions.[1] The trial court held a resentencing hearing, struck the invalid enhancements, but declined to further reduce defendant's sentence. We consider whether this was an abuse of discretion. We also address certain conceded errors in the pronouncement of sentence, including with respect to custody credits.

## I. BACKGROUND

### A. *Defendant's 2005 Conviction and Sentencing*[2]

Defendant took car keys from a neighbor twice in September 2003. In the first instance, defendant asked to borrow his neighbor's sister's car and, when the neighbor refused, defendant struck him in the jaw, took the keys, and drove away. In the second instance, defendant (along with another man) struck the neighbor with a gun, handcuffed him, and took his debit card, his car, and other items.

A jury convicted defendant in 2005 of carjacking for each of the two incidents (§ 215, subd. (a)) (counts two and four) and one count of first degree residential robbery in connection with the

---

[1]    Undesignated statutory references that follow are to the Penal Code.

[2]    Our summary of the offense conduct is based on the opinion in defendant's direct appeal. (*People v. Vasquez* (Nov. 22, 2006, B185153) [nonpub. opn.].)

second incident (§ 211) (count three).[3]  With respect to the charges arising from the second incident (counts three and four), the jury found true allegations that defendant inflicted great bodily injury upon the victim (§ 12022.7, subd. (a)) and personally used a firearm (§ 12022.53, subd. (b)).  The trial court found true allegations that defendant suffered prior strikes for robbery in 1985 and 1995,[4] one prior serious felony conviction (the 1995 robbery), and multiple prior prison terms.  The trial court sentenced defendant to a total term of 110 years to life in state prison: 27 years to life in prison on count two; 38 years to life on count three; and 45 years to life on count four.

### B.    Defendant's 2006 Appeal and 2007 Resentencing

On direct appeal, another panel of this Court affirmed defendant's convictions but held the robbery and carjacking counts arising from the second incident (counts three and four) constituted a single, indivisible transaction precluding multiple punishment under section 654.  (*People v. Vasquez* (Nov. 22, 2006, B185153) [nonpub. opn.] (*Vasquez I*).)  This Court also determined the trial court improperly ordered two one-year prior prison term enhancements to run concurrently and remanded for the trial court either to strike those enhancements or order them to be served consecutively.  Additionally, this Court held the trial court erred in applying serious felony and prior prison term enhancements only once to the principal term—and not separately as to each of defendant's three convictions.  We

---

[3]    Defendant was acquitted of residential robbery in connection with the first incident.

[4]    Defendant was a juvenile in 1985.

3

accordingly modified the judgment to stay the sentence imposed on the robbery count (count three) and to reflect imposition of the five-year serious felony enhancement as to each count. The matter was remanded for the trial court to "consider whether defendant's circumstances warrant[ed] the striking of any or none of" the prior prison term enhancements.

On remand in 2007, the trial court imposed a new sentence of 81 years to life in state prison. On count two, the trial court imposed a sentence of 27 years to life plus a five-year prior serious felony enhancement and two one-year prior prison term enhancements. On count four, the trial court imposed a term of 27 years to life plus a three-year serious bodily injury enhancement, a ten-year firearm use enhancement, a five-year prior serious felony enhancement, and two one-year prior prison term enhancements. A 45-year sentence was imposed and stayed on the count three conviction for robbery.

### C. Defendant's 2023 Petition for Resentencing

In October 2023, defendant's appointed attorney filed a petition for resentencing pursuant to section 1172.75, which deems section 667.5 prior prison term enhancements invalid (with limited exceptions) and requires a court to resentence a defendant sentenced to one or more such enhancements. Defendant asked the trial court to strike all of the imposed prior prison term enhancements and "to apply all ameliorative changes in the law, including the exercise of its discretion to now strike sentence enhancements, apply presumptive mid-term sentences, and consider resentencing [defendant] as a second strike offender." Defendant emphasized he is 55 years old and suffers from Parkinson's disease.

4

The People agreed defendant's prison priors were no longer valid but opposed any other modification of his sentence. Among other things, the People highlighted defendant's prison rule violations, including instances in which defendant punched other inmates (one of whom was in a wheelchair) in 2019 and 2021.[5]

At the December 2023 hearing on defendant's petition, the trial court explained defendant's one-year prior prison term enhancements were "automatically gone." The court then considered what it needed to "find or not find as far as going beyond the striking of the one year priors." Specifically, the trial court noted the split of authority—which our Supreme Court had granted review to settle—as to whether "the ultimate question is whether it is in furtherance of justice to dismiss an enhancement" or "whether or not dismissing the other enhancements would endanger public safety." Defendant's attorney argued the enhancements should be stricken under either standard because his age and physical condition meant there was "no danger to public safety" and "no benefit to continued incarceration" despite the "horrible" facts of the case and defendant's "rather extensive" criminal record.

The trial court ruled it would resentence defendant exactly as before except for striking the prior prison term enhancements. With respect to the other enhancements, the trial court explained it was focused on whether striking them would be in furtherance of justice—i.e., its analysis was not based on "whether or

---

[5] The People's memorandum of points and authorities in opposition to defendant's petition cites exhibits that are not included in the appellate record. Defendant does not dispute the prison rule violations or challenge the trial court's decision on this basis.

not . . . defendant would endanger public safety."[6] The "first step" in the court's analysis was "to look to see what actually happened, to look at the conduct that occurred." The trial court found that, "[a]s both counsel have acknowledged, the conduct in this case was extremely aggravating. There was nothing mitigating about it. The enhancements which were imposed for his prior criminal record, this is primarily the Three Strikes, were well supported by the record." Although there was "no doubt [in the court's] mind that [defendant] has a severe medical condition," and the trial court considered defendant's "age, time served[,] and diminished physical condition," these factors did not outweigh defendant's offense conduct and conduct in custody. The trial court declined to strike defendant's strike priors "because this case clearly does not fall outside of the spirit of the Three Strikes law."

In pronouncing sentence, the trial court appears to have subtracted the stricken prison priors from the original sentence imposed in 2005 rather than the sentence imposed on remand in 2007. The court stated: "And so on Count 4, the sentence instead of being 45 years to life will be 43 years to life and that will consist of a base term of 27 years to life plus 10 years for the 12022.53(b) plus 5 years for the 667.5(a) plus 3 years for the 12022.7.[7] [¶] On Count 3, the sentence will remain at 38 years to life consecutive reflecting a base term of 25 years to life

---

[6]    The trial court emphasized that if defendant's threat to public safety *were* the sole issue, "then the court would find that he is not a risk to endanger public safety . . . ."

[7]    The components of this sentence add up to 45 years—not 43 years.

6

consecutive plus 10 years consecutive pursuant to 12022.5(b) [sic] plus 3 years consecutive pursuant to 12022.7. [¶] For Count 2, the sentence will remain as it current—as it originally was, which is 27 years to life, and that is the base term without any enhancement."

A minute order issued the same day indicated the trial court struck the prison priors on count four, reducing the total prison term for this count to 45 years to life.

The trial court did not address defendant's custody credits at the hearing or in its minute order, and the amended abstract of judgment indicates "CDC [sic] to recalculate custody credits from 8/5/05."[8] The abstract of judgment also reflects prior prison term enhancements on counts two and three.

## II. DISCUSSION

Defendant contends the trial court abused its discretion in declining to strike his enhancements for personal use of a firearm, infliction of great bodily injury, and a prior serious felony conviction in addition to striking his prior prison term enhancements. It was within the trial court's discretion, however, to determine this relief would not be in furtherance of justice based on defendant's offense conduct and conduct while in prison. Contrary to defendant's contention, that the court made reference on the record only to defendant's age and physical condition does not mean it ignored other mitigating circumstances.

---

[8] The amended abstract of judgment following defendant's resentencing in 2007 includes a similar note.

7

Defendant's argument that the trial court abused its discretion in declining to strike one or both of his prior strike convictions also lacks merit. His physical condition, time in custody, and the remoteness of one of his strike priors did not preclude the finding that a third-strike sentence was in the interest of justice.

Defendant and the Attorney General agree, however, that the abstract of judgment issued in connection with the resentencing is flawed. They also agree on the remedy in one respect: the matter should be remanded for the trial court to calculate defendant's custody credits. Defendant's suggestion, however, that the abstract of judgment should also be "corrected" to strike the prior serious felony enhancement on count two is not a true matter of mere correction, nor is it founded on a meritorious claim of error. The trial court was clear that it only intended to strike the prior prison term enhancements, but its oral pronouncement of sentence was based on defendant's 2005 sentence rather than his 2007 sentence—and that is why it omitted the prior serious felony enhancement on count two. We will accordingly remand for the trial court to calculate defendant's custody credits, to strike the prior prison term enhancements on counts two and three, to clarify the sentence as to the prior serious felony enhancement on count two, and to clarify that the sentence on count three is stayed.

### A. The Trial Court Did Not Abuse Its Discretion in Declining to Strike Additional Enhancements

Where, as here, a defendant's sentence includes one or more enhancements for a prior prison term that was not for a sexually violent offense, the trial court must recall the sentence

and hold a full resentencing that accounts for "any other changes in law that reduce sentences or provide for judicial discretion." (§ 1172.75, subds. (c), (d)(2).)

In determining whether to strike the additional punishment for an enhancement, the trial court "shall dismiss an enhancement if it is in the furtherance of justice to do so." (§ 1385, subd. (c)(1).) "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any" of several statutorily defined mitigating circumstances are present. (§ 1385, subd. (c)(2).) "Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(2).)

As the trial court anticipated, our Supreme Court recently explained that, even in the absence of a finding that dismissing an enhancement would endanger public safety, "a court retains the discretion to impose or dismiss enhancements provided that it assigns significant value to the enumerated mitigating circumstances when they are present." (*People v. Walker* (2024) 16 Cal.5th 1024, 1029.) "In other words, if the court does not find that dismissal would endanger public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' [Citation.]" (*Ibid.*)

9

Here, it is undisputed that mitigating circumstances set forth in section 1385 are present: there were multiple enhancements alleged in this single case (§ 1385, subd. (c)(2)(B)) and the prior serious felony enhancement was based on a conviction more than five years old (§ 1385, subd. (c)(2)(H)).[9]

Although the trial court did not discuss these mitigating factors on the record, "we presume that the trial court knew the law and followed it" absent evidence to the contrary. (*People v. Ramirez* (2021) 10 Cal.5th 983, 1042; accord *People v. Brugman* (2021) 62 Cal.App.5th 608, 637 ["'The trial court is not required to state reasons for declining to exercise its discretion under section 1385'"].) There is no such evidence, and we reject defendant's argument that a mere silent record would still warrant reversal because the record here is not in fact silent. The trial court's discussion of whether it was required to find that

---

[9]     In his moving papers, defendant cited the multiple enhancements subdivision (§ 1385, subd. (c)(2)(B)), but he did not cite the subdivision addressing convictions more than five years old (§ 1385, subd. (c)(2)(H)). Defendant instead cited a different subdivision concerning enhancements that "could result in a sentence of over 20 years" (§ 1385, subd. (c)(2)(C)), which he does not mention on appeal. (*People v. Torres* (2025) 113 Cal.App.5th 88, 93 [holding section 1385, subdivision (c)(2)(C) does not apply where the sentence "already exceeded 20 years without any enhancement" and "the enhancement itself does not 'result' in a sentence exceeding 20 years"].) We assume for the sake of argument defendant did not forfeit his argument concerning section 1385, subdivision (c)(2)(H) by failing to raise it in the trial court. (But see § 1385, subd. (c)(2) [requiring courts to "consider and afford great weight *to evidence offered by the defendant* to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present"], emphasis added.)

10

dismissing enhancements would endanger public safety shows that it understood mitigating factors listed in section 1385, subdivision (c)(2) were present because that is the statutory subdivision that makes the potential danger to public safety relevant. The trial court's focus on defendant's age and health at the hearing was a consequence of defense counsel's focus on these circumstances.

The trial court did not abuse its discretion in determining that striking the enhancements would not be in furtherance of justice despite the "'great weight'" and "significant value" due these mitigating factors. (*Walker*, *supra*, 16 Cal.5th at 1029.) As defendant's attorney acknowledged in the trial court, defendant has a "rather extensive" criminal history and the offense conduct in this case was "horrible"—repeated and escalating violence against the same victim. Defendant does not challenge the trial court's further reliance on his assaults on other inmates while imprisoned. (§ 1172.75, subd. (d)(3) ["The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated"].) We believe this evidence suffices to uphold the trial court's discretionary determination that the mitigating factors had been "'neutralize[d] . . . such that dismissal of the enhancement[s] [wa]s not in furtherance of justice.' [Citation.]"[10] (*Walker*, *supra*, at 1029.)

---

[10] Nothing we say in this opinion bears on the separate question of whether defendant may at some point be entitled to consideration for compassionate release (see, e.g., § 1172.2).

11

*B.* *The Trial Court Did Not Abuse Its Discretion in Declining to Strike Defendant's Prior Strike Convictions*

A trial court conducting a resentencing under section 1172.75 has discretion to dismiss a "strike" allegation under the Three Strikes law. (See, e.g., § 1385, subd. (a); *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 504; *People v. Williams* (1998) 17 Cal.4th 148, 161.) There was no abuse of discretion here.

Defendant believes the age of his first strike (which he suffered as a juvenile in 1985), his age (55 years), the nearly 20 years he had already served at the time of resentencing, and his physical condition combine to make the trial court's decision not to dismiss at least one of his prior strikes an abuse of discretion. With respect to the first point, the remoteness of defendant's 1985 robbery carries relatively little weight in light of defendant's other convictions and jail/prison terms both before and after his second strike in 1995. (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813 [holding that the remoteness of an offense is not mitigating where there has been no "crime-free cleansing period of rehabilitation"].) The remaining arguments generally reflect the reduced danger defendant would pose to the community, which the trial court acknowledged, but it was within the trial court's discretion to conclude this was outweighed by defendant's criminal history, the circumstances of his offense conduct, and his conduct in custody.[11]

---

[11] Defendant's argument to the contrary relies on cases involving strikingly different facts. In *People v. Garcia* (1999) 20 Cal.4th 490, the trial court did not abuse its discretion in striking certain prior conviction allegations because, unlike in this case,

## C.    *Remand to Correct and Clarify Sentence*

Defendant correctly observes the trial court calculated certain elements of his sentence by subtracting the one-year prior prison term enhancements from his original 2005 sentence as opposed to the sentence imposed on remand in 2007.  Defendant's proposed remedy is for this Court simply to order the abstract of judgment amended to remove the prior prison term enhancements for Counts Two and Three and to remove a prior serious felony enhancement on Count Two (which was imposed in 2007, but not in 2005).

Defendant takes the position that, notwithstanding the trial court's express ruling that it would "resentence . . . defendant exactly as before except that the two one year priors w[ould] be stricken," it impliedly struck the prior serious felony enhancement on Count Two when it said the sentence would "remain as it current—as it originally was, which is 27 years to life . . . without any enhancement."  This is not a plausible understanding of the trial court's remarks at the hearing.  Defendant's suggestion that the trial court deliberately distinguished between his "current" (i.e., 2007) sentence and his "original" (i.e., 2005) sentence on Count Two contradicts its stated intentions and is further belied by the court's statement that the sentence would "remain" as it was.

---

the defendant's "prior convictions all arose from a single period of aberrant behavior," "his crimes were related to drug addiction, and his criminal history [did] not include any actual violence." (*Id.* at 503.)  Similarly, in *People v. Bishop* (1997) 56 Cal.App.4th 1245, the trial court did not abuse its discretion in dismissing two strikes because, among other things, the defendant's current crime was nonviolent.  (*Id.* at 1248, 1251.)

13

The Attorney General requests that we remand for the trial court to strike the prior prison term enhancements on Counts Two and Three, to clarify the sentence on Count Three remains stayed, and to clarify the status of the prior serious felony enhancement on Count Two. Defendant does not object to this approach "should this Court determine remand necessary." We shall adopt the Attorney General's suggestion. (See *People v. Garcia* (1997) 59 Cal.App.4th 834, 838-839 [remanding for trial court to clarify ambiguous sentence].)

### D.    *Remand to Calculate Custody Credits*

Defendant also argues—and the Attorney General appropriately concedes—the trial court improperly delegated calculation of his custody credits to the California Department of Corrections and Rehabilitation. We shall remand for the trial court to calculate credit for actual time served. (§§ 2900.1, 2900.5, subd. (d); *People v. Buckhalter* (2001) 26 Cal.4th 20, 23-24.)

DISPOSITION

The matter is remanded for the trial court to strike the prior prison term enhancements on Counts Two and Three, to clarify the sentence as to the prior serious felony enhancement on Count Two, to clarify the sentence on Count Three is stayed, and to calculate defendant's custody credits. In all other respects, the trial court's order is affirmed.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



BAKER, Acting P. J.

We concur:


MOOR, J.


KIM (D.), J.

15